FILED



NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| TROY BJUGAN and ASHLI BJUGAN, | No. 13-35927 |
| Plaintiffs - Appellants, | D.C. No. 3:12-cv-01423-HU |
| v. | |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Dennis James Hubel, Magistrate Judge, Presiding

Submitted March 11, 2016[**]
Portland, Oregon

Before: BERZON and WATFORD, Circuit Judges, and WALTER,[***] Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Donald E. Walter, Senior District Judge for the U.S.
District Court for the Western District of Louisiana, sitting by designation.

Before the magistrate judge, Troy and Ashli Bjugan argued that the losses for which they seek recovery did not fall within the policy's exclusion for losses either consisting of, or directly and immediately caused by "domestic animals," because the cats hoarded by their tenant were not domestic animals. They have abandoned that argument on appeal. They argue instead that their policy is ambiguous as to whether it excludes from coverage *all* damage directly and immediately caused by domestic animals, or only such damage that is predictable and preventable and thus akin to ordinary wear and tear. We need not decide whether this argument was adequately presented to the magistrate judge because, in any event, it is unavailing. Read in the context of the policy as a whole, *see Hoffman Construction Co. of Alaska v. Fred S. James & Co., of Oregon*, 836 P.2d 703, 706–07 (Or. 1992), the domestic-animals exclusion unambiguously excludes coverage for *all* losses directly and immediately caused by domestic animals. The canon of *noscitur a sociis* does not support the Bjugans' narrower reading of the domestic-animals exclusion. Indeed, such a reading would render that exclusion superfluous, as another provision of the policy expressly excludes losses caused by or consisting of ordinary wear and tear. *See Cain Petroleum Inc. v. Zurich American Insurance Co.*, 197 P.3d 596, 600 (Or. Ct. App. 2008).

Because the policy unambiguously excluded coverage for losses directly and immediately caused by cats, we conclude that the magistrate judge did not err by entering summary judgment for the defendant.

**AFFIRMED.**